UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-~~4141~~ 6172-CR-WDF -SELTZER

UNITED STATES OF AMERICA,           :
      Plaintiff,                    :
v.                                  :
VADIM ZHUKOV,                       :
      Defendant.                    :
_____



FILED by _____ D.C.
JUN 27 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### **DETENTION ORDER**

      Pursuant to 18 U.S.C. § 3142(f), on June 22, 2000, a hearing was held to determine whether the defendant **Vadim Zhukov** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **Vadim Zhukov** be detained prior to trial and until the conclusion thereof.

      In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

      1.  The defendant is charged with credit card fraud, and using a false document in a matter affecting interstate commerce,

in violation of 18 U.S.C. §§ 1028(a)(1), 1028(c)(3)(A) and 1029(a)(2). 18 U.S.C. § 3142(g)(1).

2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that the defendant utilized identification documents in three separate names to fraudulently purchase goods from retail establishments in South Florida. A search warrant executed on the defendant's vehicle resulted in the seizure of twelve driver's licenses, each issued in a different name and bearing the defendant's photograph. Also, when renting drop boxes, the defendant utilized two passports issued in different names.

Prior to his activities in Florida, the defendant was engaged in the same criminal conduct in Arizona. When federal agents began investigating the Florida crimes, the defendant moved his operation to Louisiana. Additionally, the defendant has a safety deposit box in North Carolina. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are that he is a native of Russia and a naturalized United States citizen. The defendant's father and brother reside in Russia. The defendant told the Pretrial Services officer that he lives in Hollywood, Florida, with his mother. However, the person whom the defendant identified as his mother denies this relationship. This individual is living in an apartment for which the defendant paid $60,000 in cash.

At the time of his arrest, the defendant refused to state his true name, but insisted he was the person who was named on the false identification that was in his possession. The defendant falsely stated that he has not traveled outside the United States and that he has no current travel documents. He also stated that the individuals who identified themselves in court as the defendant's brothers were his cousins.

The defendant has a 1996 fraud conviction, for which he was placed on three years probation. Based on his ties to Russia, his lack of candor with the Pretrial Services Officer and his ability to obtain and utilize false identification documents, he must be deemed to be a risk of flight. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a serious risk of flight if released prior to trial. The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b)    That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c)    That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this _____ day of June, 2000.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUDA Robin Rosenbaum (FTL)
Pretrial Services (FTL)
Fred Moldovan, Esq.