UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
       Plaintiff,

CASE NO: 00-6172-CR-Ferguson
Fla. Bar #222097

vs.

VADIM ZHUKOV,
       Defendant.
------------------------------/

NIGHT BOX
FILED
JAN 17 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## MOTION TO SUPPRESS IDENTIFICATION

COMES NOW the Defendant by and through his undersigned attorney, pursuant to Rule 12 (b) of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution, respectfully moves this Honorable Court to suppress as evidence at the time of trial in the above-styled cause the following:

1. All testimony from any witness concerning an out of court identification procedure, to wit a photo line up on 6/12/00 of defendant ZHUKOV at Home Depot's Expo Design Store in Davie by store personal.

2. All testimony concerning any subsequent photographic line-up identification displayed to the witnesses in this cause.

3. All testimony as to any prospective in-court identification of the defendant at the time of trial.

As grounds for this Motion, the defendant would state that:

1. The photo lineup display of 6/12/00 was so unnecessarily suggestive and conclusive to irreparable misidentification so as to deny the Defendant his right to due process of law as guar-

anteed by the Fifth, Sixth and Fourteenth Amendment to the United States Constitution. <u>Stovall v. Denno</u>, 388 U.S. 298, 87 S. Ct. (1967); <u>Neil v. Biggers</u>, 409 U.S. 188, 93 S.Ct. 375 (1972).

2. That no independent basis exists for the in-court identification of the Defendant apart from the impermissibly suggestive pre-trial viewing of the defendant by the alleged store employee.

3. That the evidence sought to be suppressed followed as a result of the impermissibly suggestive pre-trial identification procedures employed.

## MEMORANDUM OF LAW

In cases in which identity is in issue, the defendant may move under the Due Process Clause to suppress any in-court or out of court identifications secured as a result of a violation of his rights. <u>Foster v. California</u>, 394 U.S. 440 (1969); <u>Neil v. Biggers</u>, 409 U.S. 188(1972). In cases that involve pre-accusation show-ups, counsel may move to suppress in-court indentification evidence that is the fruit of an out-of-court display, if the display was overly suggestive or unfair. <u>Simmons v. United States</u>, 390 U.S. 377 (1968).

In <u>Manson v. Brathwaite</u>, 432 U.S. 98 (1977) the Court elaborated on the standards to be used in determining the procedure for a motion to suppress due to suggestvie pre-trial identifica-

tion. The court held that "reliability is the linch-pin" in determining the admissibility of identification testimony and applied the "totality of the circumstances" standard of <u>Stovall v. Denno</u>, 388 U.S. 293 (1967).

WHEREFORE, Defendant VADIM ZHUKOV, moves this Honorable Court to suppress as evidence at his trial in the above-styled cause any and all out of court identifications of the defendant made by Home Depot store employees and the tainted in court identification of the defendant.

Respectfully submitted,

Fred Moldovan, Esq.
999 Ponce De Leon Blvd.
Suite 900
Coral Gables, Florida 33134
305-443-3199

By _____
Fred Moldovan, Esq.

KENNETH WHITE ESQ.
Attorney for Defendant
2400 S. Dixie Highway
Suite 105
Miami, Florida 33133
Telephone: 305-854-8393
Fla Bar #222097

By _____
Kenneth White Esq.

I hereby certify that the preceding document was forwarded to the following parties this ___ day of _____, 2001.

**CERTIFICATE OF SERVICE**

Robin Rosenbaum AUSA
Office of the United States Attorney
500 E. Broward Blvd. Ste 700
Ft. Lauderdale, Florida 33394-3002

_____
Kenneth White, Esq.

3