UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
        Plaintiff,              CASE NO. 00-6172-CR-Ferguson
                                   Magistrate Judge Snow

   vs.                          Fla. Bar #222097  **NIGHT BOX**
                                                            **FILED**
VADIM ZHUKOV,
        Defendant.                                  JAN 1 7 2001
-------------------------------/
                                              CLARENCE MADDOX
             MOTION FOR SEVERANCE OF OFFENSES  CLERK, USDC/SDFL/FTL

    COMES NOW the defendant, VADIM ZHUKOV, by and through his undersigned attorney and moves this Court pursuant to Rule 8(a) and 14 of the Federal Rules of Criminal Procedure and the Sixth and Fourteenth Amendment of the United States Constitution to sever Count I-VI and XXIII-XXV from the other counts alleged in the Indictment and from each other in the defendant's trial and is based on the following grounds:

    1. That the defendant is charged with two (2) separate schemes to defraud involving two separate and distinct alleged schemes which are alleged by the United States in the Second Superceding Indictment. The first set of allegations are contained in Counts I-VI; XXIV-XXV and XXXIII. They involve allegations that the defendant, through the use of items procured from stolen mail, used stolen credit cards, access devices and checks to defraud Home Depot and various banks and their customers.

    2. The second set of allegations are contained in Counts VII-XXIII and Counts XXVI-XXXII. They involve allegations that the defendant was involved in a separate and distinct scheme to defraud the United States of America. The defendant allegedly filed fraudulent income tax returns for inmates serving sentences

in the State of Florida.

    3.   The offenses charged in the two (2) separate "schemes" are not based on the "same act or transaction" nor are the acts or transactions upon which these offenses are based "connected together" in any way (other than the fact the defendant is accused of committing them), nor do they constitute parts of a "common scheme or design."

    4.   Rule 8(a) of the Federal Rules of Criminal Procedure provides that two or more offenses may be charged in separate counts of the same Indictment **only** where such offenses are either:

    1.   of the "same character,"

    2.   based on the "same act or transaction", or

    3.   based on two or more acts or transactions connected together or constituting parts of a common scheme or design.

    None of the requisites of Rule 8(a) are present in the instant case. The joinder of such offenses in separate counts of the same Indictment constitutes a "misjoinder" of offenses.

    The offenses of Possession of Stolen Mail and Unauthorized Access Devices as charged in Counts I-VI and the resulting money laundering charge in Count XXXIII and the offenses of False Claims in Counts VII-XXII which resulted from the filing of false income tax returns by Florida State prisoners are not offenses of the "same character" nor were these offenses based on the same act or transaction nor were the acts or transactions upon which these offenses were based "connected together" or constitute

parts of a "common scheme or design."

5. Where, as here, an Indictment charges two separate offenses in separate Counts of an Indictment, and the defendant wishes to testify in his own behalf as to one, but to exercise his Fifth Amendment priviledge as to the other, the Defendant is placed in the untenable position of sacrificing either his right to adequately defend against the charges and testify in his own behalf with respect to one offense or to forfeit his Constitutional right to remain silent with respect to the other offense unless a severance and separate trial of the two offenses is granted.

6. In the case at bar, there is an added "compelling prejudice" to the defendant facing trial as to the two separate crimes; to wit, that the false claim charges involve inmates serving sentences, which suggests that the defendant was incarcerated as well.

7. At a joint trial, if the Defendant takes the stand and testifies on the merits as to one of the offenses charged in the Indictment, he will be unable to foreclose inquiry thereafter by the Government as to the other offense. That is, once the Defendant takes the stand and waives his Fifth Amendment priviledge, such waiver is extended to "all other relevant facts." <u>Johnson v. United States</u> 318 U.S. 189 (1943); <u>Brown v. United States</u> (1958) 356 U.S. 148.

8. That in order to demonstrate an abuse of discretion regarding denial of a Motion to Sever Counts, the defendant must establish that the joint trial subjected him not just to some

prejudice, but to compelling prejudice against which the district court could not afford protection. <u>United States v. Kabbaby</u>, 672 F.2d 861 ((11th Cir. 1982); <u>United States v. Tombrello</u>, 666 F.2d 485 (11th Cir. 1982); <u>United States v. Staller</u>, 616 F.2d 1284(5th Cir. 1983).

9. The defendant, in the case at bar, has respectfully established and demonstrated compelling prejudice. The defendant would testify as to the false claim charges involving prisoners serving time. Thus, at a joint trial the Defendant would be substantially prejudiced by having to choose between his right to defend against and testify in his own behalf with respect to the "false claim -income tax returns by prisoners serving time" charges and to exercise his Constitutionally protected right to remain silent as to the "Stolen Mail-Credit Card theft" charges.

Wherefore, the defendant respectfully request that this Court sever the Stolen Mail charges from the IRS False claim charges.

Respectfully submitted,

Fred Moldovan, Esq.
999 Ponce De Leon Blvd.
Suite 900
Coral Gables, Florida 33134
305-443-3199

By _____
Fred Moldovan, Esq.

KENNETH WHITE ESQ.
Attorney for Defendant
2400 S.Dixie Highway
Suite 105
Miami, Florida 33133
Telephone: 305/854-8393
Fla Bar #232097

By _____
Kenneth White Esq.

I hereby certify that the preceding document was forwarded
to the following parties this ___15___ day of ___January___, 2001.

**CERTIFICATE OF SERVICE**

Robin Rosenbaum AUSA
Office of the United States Attorney
500 E. Broward Blvd. Ste 700
Ft. Lauderdale, Florida 33394-3002

_____
Kenneth White, Esq.